## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KAMRAN MUZAFFAR MALIK         :
  Plaintiff

                                 :

      v.                        CIVIL ACTION NO. AW-06-1178

                                 :

DARRELL MADISON ALLEN
  Defendant               :

                      ..oOo..

## MEMORANDUM

Pending is a  42 U.S.C. § 1983 civil rights action filed by Plaintiff pro se Kamran Muzaffar Malik, a federal inmate at FPC-Beckley in West Virginia, against his former criminal defense attorney Darrell Madison Allen.  In addition, Plaintiff has filed a motion for leave to proceed in forma pauperis which will be granted by separate Order.

Federal district court have discretion under 28 U.S.C. §1915 to screen  cases filed by *pro se* plaintiffs.  See  Neitzke v. Williams, 490 U.S. 319, 328 (1989); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4ᵗʰ Cir. 1995).  Under Neitzke, a complaint may be dismissed under §1915(e) if it lacks an arguable basis either in law or in fact.  See  Neitze, 490 U.S. at 325.  This Court is obliged by 28 U.S.C. §1915(e)(2) to screen complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted.[1]  In deciding whether a complaint is frivolous "[t]he  district court need not look beyond

---

[1]      28 U.S.C. § 1915 (e) provides:

      Notwithstanding any filing fee, or any portion thereof, that may have been paid,
      the court shall dismiss the case at any time if the court determines that–
      (A) the allegation of poverty is untrue; or
      (B) the action or appeal--
      (i) is frivolous or malicious;

the complaint's allegations . . . .  It must, however, hold the *pro se* complaint to less stringent

standards than pleadings drafted by attorneys and must read the complaint liberally." White v.

White, 886 F. 2d 721, 722-723 (4th Cir. 1989).   This complaint satisfies the standard for

dismissal.

In order to sustain a civil rights action under 42 U.S.C. §1983, plaintiff must show he has

been deprived of a right secured by the Constitution of the United States, and the defendants

deprived him of this right acting under the color of state law. See West v. Atkins, 487 U.S. 42,

48 (1988); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155 (1978). Specifically, the defendant

charged with the civil rights violation must be a state official, acted with a state official, obtained

significant assistance from a state official, or  acted in someway that is attributable to the state.

In this complaint, plaintiff fails to attribute any actions to defendant which have the imprimatur

of official conduct.[2]  See Allen v. Columbia Mall, Inc., 47 F. Supp. 2d  605 (D. Md. 1999).

Plaintiff neither asserts, nor do the facts as stated in the complaint suggest, that defendant acted

under the color of state law.

Absent a minimally sufficient factual predicate,  this complaint cannot proceed. See Sado

v. Leland Memorial Hospital., 933 F. Supp. 490, 493 (D. Md. 1996).  While the court is mindful

that pro se civil rights actions must be liberally construed, see Gordon v. Leeke, 574 F.2d 1147,

1151 (4th Cir. 1978), dismissal for failure to state a claim is appropriate if it appears that the

---

(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief

[2]      Plaintiff does not indicate whether defense counsel was a public defender or privately retained.  In Polk County v. Dodson, 454 U.S. 312,(1981),  the Supreme Court held that a public defender does not act under color of state law within the meaning of § 1983.

2

plaintiff can prove no set of facts that would entitle him to relief. <u>See</u> <u>Estelle v. Gamble</u>, 429

U.S. 970, 106-109 (1978); <u>Meagie v. Hartley Marine Corp</u>. 925 F.2d 700, 702 (4th Cir. 1991);

<u>Beaudette v. City of Hampton</u>, 775 F.2d 1274 (4th Cir. 1985).  Plaintiff has failed to state a

cognizable civil rights challenge, and his complaint will be dismissed without prejudice.[3]

   Further, Plaintiff is notified that pursuant to the Prison Litigation Reform Act, he may be

barred from filing future suits in forma pauperis if he continues to filed federal civil rights

actions that are subject to dismissal as frivolous or malicious or for failure to state a claim upon

which relief may be granted.[4]  A separate Order consistent with this Memorandum follows.

<u>May 15, 2006</u>                                           _____/s/_____
Date                                                    Alexander Williams, Jr.
                                                        United States District Judge

---

[3]      To the extent plaintiff might have colorable state claims, they may be brought in
the appropriate state court.

[4]      The statute is codified  at 28 U.S.C. 1915(g) and provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.